## 21044. BOARD OF EDUCATION for the CITY OF VALDOSTA v. OLIVER, Mayor, *et al.*

DUCKWORTH, Chief Justice. Although the 1959 act (Ga. L. 1959, pp. 157, 158) declares that it supersedes existing laws, it expressly retains those portions of existing laws establishing tax rates. Obviously, this preserves section 6 of the Valdosta School Tax Act (Ga. L. 1949, pp. 1392, 1395), providing for a referendum to obtain an increase in the tax rate. Accordingly, it must be held that the referendum here sought is authorized by law, and, in the absence of some other legal obstacles, it was the duty of the mayor and council to call the election as requested by the city board of education.

We do not have in this case the question upon which our decision in *Tipton v. Speer*, 211 Ga. 886 (89 S. E. 2d 633), was based. There the county board of education was required by the Constitution (*Code* § 2-6801) to manage the county schools outside of independent school districts. The contract there involved was held invalid, in that it would allow the county board of education to violate their duty under the Constitution to manage the schools by conferring a part of that duty upon the board of education of the independent

school. Here, the location, organization, and management of the school are unknown to us and are not involved in this simple question of calling an election to approve an additional tax for school purposes. When and if the election is held, the tax collected, and the plans for the school adopted, then any illegality in the plans can be raised, but such questions are premature here. It follows that the calling of the election in the circumstances pleaded, being a plain duty laid upon the defendants by law, and their failure to perform this duty being alleged, a case demanding the writ of mandamus is pleaded, and it was error to sustain the demurrer to the petition and dismiss the same.

*Judgment reversed. All the Justices concur.*

SUBMITTED OCTOBER 10, 1960—DECIDED NOVEMBER 10, 1960.

*H. C. Eberhardt, Eberhardt, Franklin, Barham & Coleman,* for plaintiff in error.

*Tillman & Brice, Henry T. Brice,* contra.